# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-mc-21152-KMM

In re Application of:

JUAN MARIA RENDON AND
ROBERTO MAURICE VENTURA CRISPINO,

    Applicants.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Applicants Juan Maria Rendon ("Rendon") and Roberto Maurice Ventura Crispino's ("Ventura") (collectively, "Applicants") Verified Application for Assistance to International and Colombian Tribunals pursuant to 28 U.S.C. § 1782 (the "Application"). ("Appl.") (ECF No. 1). The Court referred the matter to the Honorable Jacqueline Becerra, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Application be DENIED and that Respondent Abbott Laboratories, Inc.'s ("Abbott" or "Respondents")[1] Cross-Motion to Dismiss Application (ECF No. 9) be GRANTED. ("R&R") (ECF No. 29). Applicants filed an Objection to the R&R. ("Obj.") (ECF No. 30). Respondents filed an Opposition to the Objection. ("Opp'n") (ECF No. 33). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

## I. BACKGROUND

On March 16, 2020, Applicants filed their Application seeking discovery from Respondents, whose regional headquarters are in the Southern District of Florida, to be used in

---

[1] "Abbott" or "Respondents" includes Abbott Laboratories (Chile) Holdco SpA, Abbott Laboratories S.A. (Spain), Abbott Laboratories S.A. (Switzerland), and Abbott Laboratories (United States).

support of (1) a pending International Chamber of Commerce ("ICC") arbitration filed against Respondents; (2) a potential ICC arbitration; (3) a complaint to be filed before a Colombian regulator, the Superintendence of Industry and Commerce ("SIC"); and (4) a complaint to be filed in a civil court in Colombia.  Appl. ¶¶ 1–2, 14.  Specifically, Applicants seek discovery from Respondents concerning Abbott's dealings with a Chilean pharmaceutical company, CFR International SpA ("CFR"), in CFR's acquisition of Lafrancol, one of the largest pharmaceutical groups in Columbia.  *Id.* ¶¶ 19, 73.  Applicants further seek discovery from Respondents concerning Abbott's subsequent acquisition of Lafrancol from CFR.  *Id.* ¶ 73.

## II.     LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

## III.    DISCUSSION

As set forth in the R&R, Magistrate Judge Becerra finds that if the panel in either the pending ICC arbitration or the contemplated ICC arbitration is convened in the United States, the Application cannot be granted because § 1782 does not apply to domestic arbitrations, and if either panel is convened outside of the United States, the Application should be denied because an ICC proceeding is not a foreign or international tribunal as required by § 1782.  R&R at 11.  Magistrate Judge Becerra finds that the Application should also be denied as to the contemplated ICC

proceeding and the contemplated Colombian actions because they are not reasonably contemplated proceedings under the statute. *Id.* Finally, Magistrate Judge Becerra finds that if any of the pending or contemplated proceedings or actions did meet the statutory requirements of § 1782, the Application should be denied based upon an analysis of the *Intel* discretionary factors. *Id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The Court addresses each finding in turn.

### A. The Pending ICC Proceeding is Not a Foreign or International Tribunal

Magistrate Judge Becerra first finds that the Application should be denied as premature because the seat of arbitration has not yet been selected. R&R at 11. In their Objection, Applicants argue that on the same day Magistrate Judge Becerra issued the R&R, the International Court of Arbitration of the ICC decided that the seat of the arbitration will be Paris, France. Obj. at 5. Accordingly, Magistrate Judge Becerra's finding that the Application should be denied as premature is moot. However, Magistrate Judge Becerra further finds that the Application should be denied on the merits. R&R at 11–19. Specifically, Magistrate Judge Becerra finds that "the pending ICC arbitration is not a foreign or international tribunal because its decision would not be subject to judicial review." *Id.* at 16. In reaching this recommendation, Magistrate Judge Becerra considered Eleventh Circuit cases cited by Applicants where arbitrations before the London Maritime Arbitration Association were subject to substantive judicial review, but concluded that the arbitration at issue here—potentially before a Columbian court—would be subject only to limited judicial review of "jurisdictional and procedural irregularities." *Id.* at 18–19.

Applicants acknowledge that the Eleventh Circuit has not yet determined whether § 1782 extends to private arbitrations and that those Courts of Appeal that have decided the issue are split. Obj. at 6 (citing *Servotronics, Inc. v. Boeing Co.*, 954 F.3d 209, 214 (4th Cir. 2020) (holding that

3

a United Kingdom arbitral panel meets the definition of "foreign or international tribunal"); *In re Application to Obtain Discovery for Use in Foreign Proceedings*, 939 F.3d 710, 723 (6th Cir. 2019) (holding that a Dubai International Financial Centre-London Court of International Trade arbitration panel meets the definition of "foreign or international tribunal")). Applicants state that the Second, Fifth, and Seventh Circuits have held that arbitral tribunals are not covered by § 1782. *Id.* Applicants argue that the Court should adopt the reasoning set forth in the Fourth and Sixth Circuits and find that private arbitral panels, such as the one contemplated here, meet the definition of "foreign or international tribunal." *Id.* Applicants argue that Magistrate Judge Becerra should have first gone through a textual analysis of § 1782 rather than "dismiss[ing] a textual analysis of [§] 1782 by assuming that the Eleventh Circuit implicitly adopted a functional analysis test in *Consorcio Ecuatoriano*. *Id.* (citing *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1270 n.4 (11th Cir. 2014)). Applicants cite to the American Law Institute's *Restatement of the Law* and the statute's legislative history in support of their argument that an "arbitral tribunal" falls within the term "foreign and international tribunals." Obj. at 6–8. Applicants argue that Magistrate Judge Becerra's conclusion that ICC arbitral awards are not subject to substantive judicial review is not supported in the statute or in *Intel*. *Id.* at 8 (citing *Intel Corp.*, 542 U.S. 241). According to Applicants, "[a]t most, *Intel* requires that a decision of a first-instance adjudicator be subject to some judicial review and, while a review of an arbitral tribunal is limited, it is nevertheless judicial review." *Id.* Finally, Applicants argue that "[e]ven if substantive judicial review of the arbitral award were required for the Application's admissibility—and it is not—a proper analysis of French law demonstrates that the Pending ICC Arbitration easily meets this criterion" because "[a] French court can set aside an award for procedural reasons or because it violates French public policy." *Id.* at 9.

4

In their Opposition, Respondents cite to a plethora of authority where courts across the country have found that an ICC arbitration, such as the one contemplated here, does not fall within the ambit of a § 1782 tribunal because it does not satisfy the functional analysis test. *See* Opp'n 7–12. Additionally, Respondents cite to cases in the Second and Fifth Circuits that hold "that no private arbitration of *any* type can constitute a tribunal for purposes of [§] 1782[,] . . . draw[ing] a distinction between 'state-sponsored' arbitrations and private arbitrations [and] holding that the former qualify as tribunals under [§] 1782, but the latter do not." *Id.* at 10 (citing *Nat'l Broad. Co. v. Bear Stearns & Co.*, 165 F.3d 184, 190–91 (2d Cir. 1999); *Republic of Kaz. v. Biedermann Int'l*, 168 F.3d 880, 883 (5th Cir. 1999)).

Section 1782 provides, in relevant part, that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." § 1782(a). The Eleventh Circuit has not yet decided the pivotal question of whether private arbitral tribunals constitute a foreign or international tribunal under § 1782. While the Eleventh Circuit has not expressly adopted the functional analysis test applied in *Intel*, it also has not rejected such a test; rather, the Eleventh Circuit suggested that the functional analysis test applied in *Intel* could be an instructive means to determine "whether a body acts as a first-instance adjudicative decision maker, permits the gathering and submission of evidence, has the authority to determine liability and impose penalties, and issues decisions subject to judicial review." *Consorcio Ecuatoriano*, 747 F.3d at 1270 n.4 (citing *Intel*, 542 U.S. at 258).

Here, Magistrate Judge Becerra's application of *Intel's* functional analysis test is well reasoned. *See In re Application of Operadora DB Mexico, S.A. de C.V.*, No. 6:09-cv-Orl-22GJK,

5

2009 WL 2423138, at *9 (M.D. Fla. Aug. 4, 2009) (finding that the court "must analyze the function of the ICC Panel"). And, as Magistrate Judge Becerra notes in her findings, numerous courts have held that ICC proceedings, such as the one contemplated here, are not subject to § 1782's reach due to a lack of judicial review. R&R at 15 (citing *Operadora*, 2009 WL 2423138, at *9–10; *In re Application by Rhodianyl S.A.S.*, 2011 U.S. Dist. LEXIS 72918, at *49–50 (D. Kan. Mar. 25, 2011); *In re Matter of the Application of Oxus Gold PLC*, No. MISC. 06-82, 2006 WL 2927615, at *6 (D.N.J. Oct. 11, 2006)). While Applicants argue that the pending ICC arbitration will be subject to the French arbitration statute of the French Code of Civil Procedure, and that "[a] French court can set aside an award for procedural reasons or because it violates French public policy," such limited review does not constitute *substantive* review which would include review of legal or factual conclusions. *See* Obj. at 9; *Rhodianyl*, 2011 U.S. Dist. LEXIS 72918, at *49–50. The Fourth and Sixth Circuits notwithstanding, the lack of judicial review continues to lead other courts to deny applications for assistance before private arbitral panels, finding that they do not qualify as "tribunals" under § 1782. *See*, *e.g.*, *In re Ex Parte Application of Axion Holding Cyprus Ltd. Pursuant to 28 U.S.C. § 1782 for Leave to Take Discovery for Use in Foreign Proceedings*, Misc. No. 20-00290 (MN), 2020 WL 5593934, at *1–2 (D. Del. Sept. 18, 2020) (slip copy); *In re Storag Etzel GmbH*, No. 19-mc-209-CFC, 2020 WL 1849714, *3 (D. Del. Apr. 13, 2020).

Accordingly, the Court adopts Magistrate Judge Becerra's finding that the pending ICC arbitration is not a foreign or international tribunal for purposes of § 1782.

**B.     The Contemplated Actions Are Not Reasonably Contemplated Proceedings**

Magistrate Judge Becerra finds that both the contemplated ICC arbitration and Columbian actions do not yet qualify as proceedings under § 1782 because they are too speculative. R&R at

6

19. Regarding the contemplated ICC proceeding, Magistrate Judge Becerra finds that it is not within reasonable contemplation because it would only be commenced after the pending ICC arbitration. *Id.* at 22. Further, Magistrate Judge Becerra finds that the need for the contemplated proceeding is uncertain and contingent upon the ruling in the pending ICC arbitration and whether such ruling is complied with. *Id.* Regarding the contemplated Colombian actions, Magistrate Judge Becerra finds that those actions are not reasonably contemplated because the Application merely identifies the theory under which such actions would be brought and lacks any discussion of the legal support for their arguments, their evidence, the parties they intend to name, or a timeframe as to when those actions would be commenced. *Id.* at 23–25.

Applicants argue that "the R&R should not have characterized Applicants' judicial undertakings . . . as just a 'theory.'" Obj. at 12. Applicants argue that they have "instructed [their counsel] to file complaints against CFR's successor and several CFR officers in Columbia [and] drafts are being drafted." *Id.* Applicants argue that "the administrative and judicial complaint before the SIC will former [sic] CFR's officer and Abbott Chile and Abbott Columbia's anticompetitive conduct arising out of the sale of Lafrancol to Abbott" and "the civil action to be filed in Columbia based [sic] on the contacts and communications between CFR, Abbott and the Ventura Buring siblings." *Id.* at 13. Applicants argue that they have put forth sufficient evidence to show that they have met the "for use [in a proceeding]" standard under § 1782. *Id.* Applicants argue that they "have extensively investigated and developed legal actions to be filed before the SIC and the Colombian courts." *Id.* Finally, Applicants argue that the their "track record in seeking relief in their dispute with CFR and Abbott, by initiating the Pending ICC Arbitration . . . supports Applicants' objective intention to initiate the Colombian actions. *Id.* at 14. Applicants do not address the contemplated ICC action. *See generally id.*

Respondents argue that "[Applicants'] vows of imminent Colombian actions ring hollow." Opp'n at 14. Specifically, Respondents note that Applicants "represented that they 'contemplate to immediately file' various regulatory and judicial proceedings in Colombia" when they filed their Application in March 2020, yet they still have not done so. *Id.*

A proceeding must be "within reasonable contemplation" to seek discovery under § 1782. *Intel*, 542 U.S. at 259. While the proceeding need not be pending, "it must be more than speculative . . . and a 'district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time.'" *Consorcio Ecuatoriano*, 747 F.3d at 1270 (quoting *In re Letter of Request from Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 692 (D.C. Cir. 1989)).

Here, Applicants argue that "the evidence sought in the Application is needed to complete Applicants' investigation and for use in the imminent civil and anti-competition actions." Obj. at 12. It stands to reason that Applicants must rely on the discovery sought here to continue developing the theory of their case, which may or may not materialize as their investigation is not yet complete. As Magistrate Judge Becerra notes, "the point of the discovery [Applicants seek here] is not for use in a contemplated[] proceeding, but rather, it is to see if there is any merit to [Applicants'] theory." R&R at 25. Applicants still have not set forth any timeline for when they plan to commence the contemplated actions—perhaps because such a timeline cannot be developed given that Applicants need the evidence requested in their Application to determine whether they have a cognizable claim, and if so, against whom.

Accordingly, the Court finds that Applicants have not set forth a sufficient factual basis to persuade the Court that the Colombian proceedings are reasonably contemplated such that § 1782 discovery is appropriate at this stage.

## C. The *Intel* Discretionary Factors Weigh Against Granting the Application

Magistrate Judge Becerra finds that even if the Application did meet the statutory requirements—which it does not—the *Intel* factors do not support granting the Application. R&R at 26. "[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *In re Clerici*, 481 F.3d 1324, 1334 (11th Cir. 2007) (quoting *Intel*, 542 U.S. at 264) (internal quotation marks omitted). The Eleventh Circuit adopted the *Intel* factors and described them as follows:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid is generally not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country of the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

*Id.* (quoting Intel, 542 U.S. at 264–65).

Magistrate Judge Becerra finds that the first factor weighs against granting the Application if Abbott Laboratories (United States), or any of the Respondents, can produce the documents sought from Abbott in the pending ICC arbitration. R&R at 26–27. Magistrate Judge Becerra finds that the second and third factors cannot be assessed as the arbitral panel has not yet convened, and thus those factors weigh against granting the Application. *Id.* at 27. Finally, Magistrate Judge Becerra finds that the fourth factor weighs against granting the Application because the discovery request is "expansive and overbroad considering that the pending ICC dispute concerns only the release of the security deposit." *Id.* at 28.

Applicants argue that the first factor weighs in their favor because Abbott Laboratories (United States) is no longer part of the pending ICC arbitration, and the discovery sought is "most

9

logically in the possession, control and custody" of Abbott Laboratories (United States). Obj. at 14–16. Applicants argue that the second factor weighs in their favor because (1) "the overwhelming majority of courts have concluded that it is the party opposing [§] 1782 discovery that bears the burden on the second *Intel* discretionary factor, and Respondent has made no such showing" (citing the Second Circuit and the Northern District of California); (2) parties "enjoy a presumption in favor of foreign tribunal receptivity" (quoting the District of New Jersey); and (3) "arbitral panels have generally refused to prohibit a party from seeking [§] 1782 discovery, preferring instead to consider the relevance of the evidence once it is obtained" (citing the Eastern District of Virginia). *Id.* at 16–17. Applicants argue that the third factor weighs in their favor because § 1782 does not require that an applicant first seek discovery from a foreign tribunal, and "the Application does not circumvent either ICC or Colombian proof gathering rules, as Respondent has not shown that either forum prohibits a party from seeking discovery in a foreign jurisdiction." *Id.* at 18. Finally, regarding the fourth factor, Applicants argue that rather than denying their Application based on a finding that the discovery request is overbroad, the Court should consider whether that defect could be cured through a limited grant of discovery. *Id.* at 20.

Respondents argue that, as to the first factor, Applicants have not even attempted to obtain discovery from the Abbott affiliates remaining in the pending ICC arbitration. Resp. at 16. As to the second factor, Respondents argue that it is premature to assess the ICC panel's receptivity to § 1782 discovery before the panel assembles and has an opportunity to address the scope of discovery. *Id.* at 17–18. As to the third factor, Respondents argue that Applicants "should have made some attempt to obtain the requested discovery through the ICC Arbitration[,]" or, at a minimum, "should at least have consulted with the ICC panel about their extraterritorial discovery plans." *Id.* at 18. Finally, Respondents argue that the Application contains unduly intrusive and

burdensome requests, wherein it seeks to "force Abbott to respond to 32 far-reaching document requests, and to conduct two different depositions[,]" the latter of which are "effectively non-existent in ICC arbitrations." *Id.* at 19.

Here, the Court agrees with Magistrate Judge Becerra's findings as to all four factors. Specifically, regarding the first factor, Applicants have not demonstrated that the discovery sought cannot be obtained from the Abbott affiliates remaining in the pending ICC arbitration. Regarding the second factor, it is not evident from the record that the ICC panel will be receptive to § 1782 discovery. *See In re Bio Energias Comercializadora de Energia Ltda.*, No. 19-cv-24497-Bloom, 2020 WL 509987, at *3–4 (S.D. Fla. Jan. 31, 2020) (finding that the second factor weighed against permitting discovery where the applicant did not first seek production of the evidence through the arbitral panel). Regarding the third factor, it is not evident from the record that the Application is not an attempt to circumvent proof-gathering limits or other policies of a foreign country. *See In re Jagodzinski*, No. 18-20606-MC-Williams/Torres, 2019 WL 1112389, at *7–8 (S.D. Fla. Jan. 15, 2019) (finding that the "failure to provide a reasonable explanation for [the applicant's] decision to first seek assistance from a United States federal court to obtain discovery—without first attempting to have the French tribunal overseeing his foreign proceeding rule on same—raises the specter of abusive litigation tactics"); *Norex Petroleum Ltd. v. Chubb Ins. Co. of Can.*, 384 F. Supp. 2d 45, 54 (D.D.C. 2005) ("The Court is wary of granting discovery under § 1782 when it appears that the party seeking discovery may be using the United States statutes and federal court system to 'jump the gun' on discovery in the underlying foreign suit."). Finally, the Court finds that the discovery request is overly broad and, considering that all other factors weigh against granting the Application, the Court declines to cure that defect. Appl. ¶ 76 (listing the broad array of discovery sought over a span of nearly five pages); s*ee also In re Jagodzinski*, 2019 WL

11

1112389, at *8 (recommending that the application be denied rather than modifying or narrowing an otherwise overly broad request where the balance of *Intel* factors weigh against granting discovery assistance).

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Application, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Becerra's R&R (ECF No. 29) is ADOPTED. It is FURTHER ORDERED that Applicants' Application for Assistance to International and Colombian Tribunals (ECF No. 1) is DENIED, and Respondents' Cross-Motion to Dismiss Application (ECF No. 9) is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this _8th_ day of February, 2021.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record